UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROBERT HODGE,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN RUETER, et al.<br><br>Defendants. | No. 2:19-cv-1956-EFB P<br><br>ORDER |

Plaintiff, proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2) and a motion to appoint counsel (ECF Nos. 10, 11).

Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application (and accompanying trust fund account (ECF No. 5)) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff alleges that, in April of 2017 and while incarcerated at Corcoran State Prison, he suffered a major shoulder injury. ECF No. 1 at 3. He was subsequently diagnosed with a tear of the lateral pectoral muscle and atrophy of the bicep. *Id.* Plaintiff was transferred to High Desert State Prison ("HDSP") and, in June of 2018, sent for a consult with an orthopedic surgeon in Redding, California. *Id.* That physician – Dr. Richard Cross – allegedly opined that plaintiff required a full left shoulder replacement surgery. *Id.* at 3-4. Plaintiff's primary care physician at HDSP then forwarded Dr. Cross's report to the State-Wide Medical Authorization Review Team ("SMART") for approval of the shoulder replacement. *Id.* at 4. SMART indicated a desire for a

2

second opinion and, on February 1, 2019, a second unidentified doctor allegedly agreed with Dr. Cross's assessment. *Id.*

On April 16, 2019, SMART allegedly denied the request for shoulder replacement surgery. *Id.* Instead, they recommended steroid injections as an alternative treatment. *Id.* Plaintiff claims that the injections have not proven helpful in addressing his pain and mobility issues and, indeed, have made him sick in some unspecified way. *Id.* Hence, he now alleges that SMART was deliberately indifferent to his serious medical needs.

The court notes that plaintiff has named three individual defendants – Kevin Rueter (Chief Medical Executive at HDSP), Grace Song (Deputy Medical Executive at HDSP), and Laraika Jones (a Utilization Management Registered Nurse) – but does not allege what actions each personally undertook in connection with the alleged denial of treatment. In fact, as far as the court can discern, none receives specific mention in the body of the complaint. Critically, it is unclear whether each of these individuals is a member of SMART – the entity plaintiff holds responsible for denial of treatment.[1][2] Thus, he has failed to state a cognizable claim against any of them. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").

Plaintiff will be given leave to amend to address the foregoing deficiency.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

---

[1] In a "memorandum" document attached to the complaint, defendant Song writes that SMART reviewed the request for treatment and describes the reasons for denying it. ECF No. 1 at 6. It is unclear, however, whether Song was involved in the decision or whether she is simply relaying it.

[2] After his complaint was filed, plaintiff submitted a collection of exhibits which appear to be medical and administrative records relevant to his shoulder injury. ECF Nos. 7, 8 & 9. The court declines, to the extent plaintiff so invites, to sift through these separate documents and piece together allegations which plaintiff has not explicitly made in a complaint.

rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Request for Appointment of Counsel

Plaintiff requests that the court appoint him counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for appointment of counsel (ECF Nos. 10, 11) is DENIED without prejudice;

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE