UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON ROBERT HODGE,

Plaintiff,

v.

KEVIN RUETER, et al.,

Defendants.

No. 2:19-cv-1956-EFB P

ORDER SCREENING AMENDED COMPLAINT

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 10, 2020, the court dismissed plaintiff's complaint with leave to amend. ECF No. 12. After being granted an extension of time (ECF No. 17), plaintiff filed a letter to the Clerk of the Court, which the court construes as an amended complaint (ECF No. 19). So construed, it is dismissed with leave to amend.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In plaintiff's letter, construed as an amended complaint, plaintiff alleges that defendant Grace Song went against the orders of two outside doctors who had opined that plaintiff needed a full shoulder replacement surgery. Song allegedly made plaintiff "go around in circles," by ordering treatments such a steroid injections that made plaintiff sick, and unspecified "therapy," which the outside doctors had deemed unhelpful. As a result of prolonging plaintiff's treatment in these ways, plaintiff's arm "gave out" and he broke his wrist. Plaintiff's complaint, while troubling, cannot survive screening.

To the extent plaintiff intends to assert an Eighth Amendment claim of deliberate indifference to medical needs against Song, he must show that the Song, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with his treatment. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Absent some allegations as to what motivated Song's decisions regarding plaintiff's medical treatment, it is impossible to determine from the allegations whether she acted with deliberate indifference or mere negligence.

Furthermore, the complaint must be dismissed because it fails to include a request for relief. Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought. In any amended complaint, plaintiff must include a request for relief. Further, plaintiff must include a caption identifying all defendants. See Fed. R. Civ. P. 10(a). To facilitate the filing of

an amended complaint that complies with the Federal Rules of Civil Procedure, the court will direct the Clerk of the Court to send plaintiff a form complaint. If plaintiff chooses to file an amended complaint, he shall do so using the court's form.

Plaintiff is further cautioned that he may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's March 26, 2020 letter, construed as an amended complaint (ECF No. 19) is dismissed with leave to amend within 30 days of service of this order;
2. The Clerk of the Court shall mail to plaintiff this court's form complaint for section 1983 actions by prisoners; and
3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3