1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JASON ROBERT HODGE,                          No. 2:19-cv-1956-EFB-P

12                Plaintiff,

13          v.                                      ORDER

14    KEVIN RUETER, et al.,

15                Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  The court screened his original complaint on February 10, 2020 and concluded

19    that he had failed to state a claim against the named defendants.  ECF No. 12.  Instead, plaintiff

20    appeared to be challenging the conduct of members of a committee within the California

21    Department of Corrections and Rehabilitation but had not named any of the committee members

22    as defendants.  *Id.*  Plaintiff has filed an amended complaint which is before the court for

23    screening.  ECF No. 23.

24    **I.    Screening**

25          A.  Requirement and Standards

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

15   cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

16         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23         B.  Factual Allegations

24         Plaintiff alleges that he was injured in his shoulder by rubber bullets on April 16, 2017.

25   Thereafter, orthopedic surgeon Dr. Cross recommended surgery to repair the damage.  Upon

26   receiving Dr. Cross's report, the CDCR's Statewide Medical Authorization Review Team

27   ("SMART") sought a second opinion.  The second doctor agreed that surgery was medically

28   necessary to repair the injury to plaintiff's shoulder.  Nevertheless, SMART declined to authorize

2

the surgery and instead directed Dr. Cross to perform a steroid injection on plaintiff's shoulder. Dr. Cross found that treatment not indicated under the circumstances and, in fact, felt that the injection would do more harm to plaintiff than good.

Plaintiff asserts that he has sent a request to "CDCR Medical" to obtain the names of the members of SMART who denied plaintiff the shoulder surgery.  CDCR Medical refuses to provide plaintiff with that information.

C.  Analysis

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id*. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id*. at 842.

Liberally construed, and for the purposes of § 1915A screening only, plaintiff has stated potentially cognizable Eighth Amendment claims against the members of SMART.  Because plaintiff does not know the identities of these individuals yet, the court cannot order service of the amended complaint on the these unnamed defendants.  Accordingly, the court will provide plaintiff with a signed subpoena form to request documents from a non-party so that plaintiff can seek documents from CDCR or other appropriate entity or person that will reveal the names of

3

1   the unidentified defendants. *Cottrell v. Unknown Corr. Officers*, No. 99-15567, 2000 U.S. App.

2   LEXIS 21969, at *2-3 (9th Cir. 2000). Plaintiff shall fill in the form and return it to the court, and

3   the court will direct the U.S. Marshal to serve the subpoena. *See Heilman v. Lyons,* 2:09-cv-2721

4   KJN P, 2010 U.S. Dist. LEXIS 136449, at *1 (E.D. Cal. Dec. 13, 2010).

5   **II.    Order**

6           For the foregoing reasons, it is HEREBY ORDERED that:

7           1.   Service is appropriate for the as-yet unidentified individuals who were members of

8                SMART between April 16, 2019 and December 30, 2019.

9           2.   The Clerk of the Court is directed to provide plaintiff with a signed but otherwise

10               blank subpoena duces tecum form with this order. *See* Fed. R. Civ. P. 45(a)(3);

11          3.   Within 30 days of service of this order, plaintiff shall return the signed subpoena

12               provided with this order. The subpoena should identify with particularity the

13               materials it commands to be produced.  Upon receipt of the completed subpoena

14               form, the court will direct its service by the U.S. Marshal.

15  DATED:  July 22, 2020.

16

17                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28