UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROBERT HODGE, | Case No. 2:19-cv-01956-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| KEVIN RUETER, *et al.*, | ECF No. 56 |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MISCELLANEOUS MOTIONS |
| | ECF Nos. 53, 54, & 58 |

In April 2017, plaintiff seriously injured his shoulder when he was shot with rubber bullets during an altercation at Corcoran State Prison. Two physicians recommended surgery to repair the injury. Plaintiff alleges that defendants, all members of CDCR's Statewide Medical Authorization Review Team committee ("the committee"), violated his Eighth Amendment rights by refusing to authorize surgery and directing his physician to provide a steroid injection. Defendants now move to dismiss the first amended complaint, arguing that both the written decision denying surgery and related committee meeting minutes—neither of which were filed with the amended complaint—demonstrate that they were not deliberately indifferent to plaintiff's serious medical needs. Additionally, they argue that qualified immunity shields them from suit. Defendants' arguments rest on extrinsic documents that may not be considered in

adjudication their motion. I therefore recommend that defendants' motion be denied.

**Miscellaneous Motions**

In addition to defendants' motion, plaintiff has filed three motions that each contain multiple requests for relief. First, he asks that the court reconsider its May 17, 2021, order extending the deadline for defendants to respond to the first amended complaint. ECF Nos. 53 & 54. Plaintiff advances no legitimate basis for reconsideration, and the request will be denied.

His request to refund or excuse his obligation to pay the filing fee is also denied. ECF No. 53. Prisoners proceeding *in forma pauperis*, such as plaintiff, can file a civil action without prepayment of the filing fees, but the obligation to pay the fee is not excused. 28 U.S.C. § 1915(a)(2), (b)(1). Instead, prisoners proceeding *in forma pauperis* are permitted to pay the filing fee in installments when funds are available. 28 U.S.C. § 1915(b)(1).

Plaintiff also requests that the court subpoena and review his medical records. ECF No. 53. Plaintiff is advised that any requests for discovery, including a subpoena for medical records, are premature at this stage. Once a scheduling order issues, which will only happen after defendants file an answer, the parties will be permitted to serve requests for discovery pursuant to Federal Rules of Civil Procedure 26-37 and 45. Plaintiff is advised, however, that the court will not direct the U.S. Marshal to serve a subpoena on a third-party absent a showing that the information sought is not readily available to him and cannot be obtained from defendants.

Plaintiff's request to set a trial date, ECF No. 58, is also denied as premature. If necessary, a trial date will be set after completion of discovery and resolution of any dispositive motions.

Finally, plaintiff makes his third request for the court to appoint him counsel. ECF Nos. 53 & 58. As plaintiff was previously notified, he does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the S. Dist.of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to

1  compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In
2  determining whether such circumstances exist, "the district court must evaluate both the
3  likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se
4  in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal
5  quotation marks and citations omitted).  Plaintiff does not demonstrate that these factors weigh in
6  favor of appointing him counsel, and his motion is denied.

## Motion to Dismiss

### A.   Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In certain circumstances, the court may also consider documents referenced in—but not included with—the complaint or that form the basis of plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

### B.   Discussion

Defendants' motion advances three arguments, each reliant on information outside the amended complaint.  First, defendants argue that plaintiff cannot plausibly allege that nine of the twelve defendants personally participated in the decision to deny surgery, which is the basis for his Eighth Amendment claim.  They contend that the minutes from the committee's April 16,

3

2019, meeting—the meeting at which the committee considered plaintiff's request—demonstrates that only three of the twelve defendants were present.[1]  ECF No. 56-1 at 5-6.  Second, they argue that the committee's minutes and written decision refute plaintiff's allegations that defendants deliberately disregarded his serious medical needs.  *Id*. at 6-7.  According to defendants, the minutes and decision show that the committee considered the two physicians' recommendations but ultimately concluded that conservative treatment should be pursued prior to undergoing surgery.  *Id*.  Third, they argue that they are entitled to qualified immunity because it is not clearly established that deferring surgery in favor of more conservative treatment violates the Eighth Amendment.[2]  *Id*. at 8-9.

Although the committee's minutes and decision were not filed with the complaint, defendants argue that the documents should be incorporated by reference.  *Id*. at 3-4.  "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Under this doctrine, a document may be incorporated into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Ritchie*, 342 F.3d at 907.  However, incorporation is not appropriate if the document "merely creates a defense to the well-pled allegations in the complaint."  *Khoja*, 899 F.3d at 1002.  Because the doctrine risks being used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim," the Ninth Circuit has urged that the doctrine be "approached with caution."  *Id*.

The amended complaint does not specifically reference the committee's written decision or its meeting minutes.  Nevertheless, defendants contend that the documents can be considered

---

[1] Specifically, defendants argue defendants Boparai, Yang, T. Taylor, Bal, L. Taylor, Barrow, Igbinosa, Arca, and Stepke were not present, and did not participate in the committee's decision to deny plaintiff's request for surgery.  ECF No. 56-1 at 5.  They contend that only defendants Tafoya, dos Santos-Chen, Conanan, and third-party Ralston were present and involved in the decision.  *Id*.

[2] This argument is framed from information contained in the committee's April 16, 2019, meeting minutes and not the amended complaint's allegations.  *See* ECF No. 23 at 3-4; ECF No. 56-1 at 14.

4

1   in resolving their motion because the amended complaint "relies on [the] committee's meeting
2   and decision." ECF No. 56-1 at 3.
3          Although plaintiff alleges that defendants acted with deliberate indifference by refusing to
4   authorize surgery, the committee's written decision does not, and surely cannot, form the basis of
5   his Eighth Amendment claims.  The decision is comprised almost entirely of boilerplate language
6   summarizing the evidence that the committee considers and the regulations that govern its
7   decision.  Aside from noting plaintiff's name, CDCR number, and his request for a left total
8   shoulder replacement, the decision is devoid of information specific to plaintiff.  It does not
9   identify his medical condition, much less specific medical findings or records.  Indeed, the
10  decision's explanation for denying surgery is limited to a single, conclusory sentence, consisting
11  of nothing more than boilerplate text that could apply to any decision denying a request for
12  treatment.[3]  ECF No. 56-1 at 13.  In any event, consideration of the decision provides defendants
13  no benefit; nothing in the decision undermines plaintiff's claim that defendants were deliberately
14  indifferent to his medical needs.
15         There is also no basis for incorporating the committee's meeting minutes into the
16  amended complaint.  That document includes a brief summary of plaintiff's symptoms and
17  limitations, followed by the committee's conclusion that conservative treatment should be
18  exhausted prior to authorizing surgery.  ECF No. 56-1 at 14.  Although that information might
19  prove helpful in mounting a defense, the document itself is not the basis of plaintiff's claims; his
20  claims are predicated on defendants' decision to deny surgery despite knowledge that two
21  orthopedic specialists had conducted an evaluation and determined surgery to be medically
22  necessary.  ECF No. 23 at 3-4.  In a similar vein, the minutes cannot be considered to establish
23  that certain defendants did not participate in the decision and therefore could not have acted with
24  deliberate indifference.  *See Khoja*, 899 F.3d at 1003 (holding that "if the document merely
25  creates a defense to the well-pled allegations in the complaint, then that document did not

---

[3] That sentence provides as follows: "In this case, SMART found that because the service requested does not appear to prevent premature death, prevent illness, and/or alleviate severe pain the above-mentioned patient is not eligible for the proposed service(s)." ECF No. 56-1 at13.

5

necessarily form the basis of the complaint.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's miscellaneous motions, ECF Nos. 53, 54, & 58, are denied;

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 56, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 25, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6