UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROBERT HODGE,<br><br>       Plaintiff,<br><br>v.<br><br>KEVIN RUETER, *et al.*,<br><br>       Defendants. | Case No. 2:19-cv-01956-JAM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO BE EXCUSED FROM PAYING THE FILING FEE AND FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>ECF Nos. 63, 66, & 67 |

Plaintiff, a state prisoner proceeding without counsel and *in forma pauperis*, has filed a motion requesting that he be excused from paying the filing fee, ECF No. 63, and a motion for appointment of counsel, ECF No. 67.

The Prison Litigation Reform Act requires all prisoners proceeding *in forma pauperis* to pay the full amount of the filing fee, although payments may be made in increments. *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); *see also* 28 U.S.C. §§ 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."). Accordingly, plaintiff remains obligated to pay the entire filing fee, and his motion, ECF No. 63, is denied.

As for his other motion, plaintiff has not shown that appointment of counsel is warranted at this time. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to

require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel.  Plaintiff's motion, ECF No. 67, is therefore denied.

Also pending is defendants' motion for an extension of time to answer plaintiff's first amended complaint.  ECF No. 66.  Good cause appearing, defendants' motion is granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to be excused from paying the filing fee, ECF No. 63, is denied.

2. Plaintiff's motion for appointment of counsel, ECF No. 67, is denied.

3. Defendants' motion for an extension of time, ECF No. 66, is granted.

4. Defendants shall file an answer to the first amended complaint by no later than April 20, 2022.

IT IS SO ORDERED.

Dated:   April 6, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE