1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON ROBERT HODGE,                    Case No.  2:19-cv-01956-DAD-JDP (PC)

12                    Plaintiff,

13        v.                                ORDER

14   TAYLOR, *et al.*,

15                    Defendants.

16

17        Plaintiff Jason Robert Hodge is a state inmate proceeding pro se and *in forma pauperis* in

18   this civil rights action brought under 42 U.S.C. § 1983.  This case proceeds on the first amended

19   complaint, wherein plaintiff alleges that his shoulder was injured in April 2017 when he was shot

20   with rubber bullets during an altercation at Corcoran State Prison ("CSP").  Two physicians

21   recommended surgery to repair the injury.  Plaintiff claims that defendants, all members of

22   CDCR's Statewide Medical Authorization Review Team committee (the "SMART committee"),

23   violated his Eighth Amendment rights by refusing to authorize surgery and directing his physician

24   to provide a steroid injection instead.

25        Before me are a number of motions and other miscellaneous filings.  Plaintiff has filed

26   multiple motions to compel, ECF Nos. 77, 80, 81, 101, 103, & 108; two requests for addresses,

27   ECF Nos. 77 & 80; a motion for extension of time, ECF No. 84; a request for appointment of

28   counsel, ECF No. 77; a motion to set a settlement conference, ECF No. 95; two requests for a

1  trial date, ECF Nos. 81 and 87, and a motion for protective order, ECF No. 78.

2          Defendants' filings include two motions to strike, ECF Nos. 79 & 105, a motion to

3  compel plaintiff to submit to a medical examination, ECF No. 92, and a motion to modify the

4  scheduling order, ECF No. 106.

5                            **Relevant Procedural History**

6          Plaintiff initiated this action on September 25, 2019.  ECF No. 1.  The previously assigned

7  magistrate judge screened the complaint and dismissed it with leave to amend for failure to state a

8  claim.  ECF No. 12.  In May 2020, plaintiff filed a first amended complaint, which was found to

9  state a cognizable Eighth Amendment claim against the as-yet-unidentified members of the

10  SMART committee.  ECF Nos. 23-24.  A subpoena was subsequently served on the CSP

11  Litigation Coordinator, and in March 2021 service was ordered on Leslie Taylor, Bearnard

12  Stepke, Phillip Tafoya, Jasdeep Bal, Felix Lgbinaso, Meet Boparai, Elizabeth Dos Santos-Chen,

13  Michael Arca, Emmanuel Conanan, Mellonie Yang, Roscoe Barrow, and Terri Taylor.  ECF

14  Nos. 27, 36.

15          Defendants filed a motion to dismiss, and the court adopted my ensuing recommendation

16  that it be denied.  ECF Nos. 56, 62, 65.  Defendants filed an answer in April 2022, and a

17  discovery and scheduling order ("DSO") issued in May 2022.  ECF Nos. 71, 75.  Relevant here,

18  the deadline for filing dispositive motions was set at June 1, 2023.  In addition, the DSO

19  specifically set forth the following procedures for discovery-related disputes:

20                  If the parties have any discovery disputes, they must comply with
                   all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal
21                  Rules of Civil Procedure, and Local Rules 110, 130, 131, 134-135,
                   142, and 230(l).  Unless otherwise ordered, Local Rule 251 and
22                  Judge Peterson's procedures for civil matters shall not apply.  Any
                   motion to compel discovery shall reproduce in full each
23                  interrogatory, request for production, or other matter in dispute, as
                   well as the specific objection to each disputed discovery request.
24                  Filing a discovery motion that does not comply with this
                   requirement or the rules may result in imposition of sanctions,
25                  including but not limited to denial of the motion.

26  ECF No. 75 at 1-2.

27

28

**Discussion**

**1.  Defendants' Motion to Compel Plaintiff to Submit to a Medical Examination**

Defendants seek an order compelling plaintiff to submit to a medical examination by Dr. Edward Younger III.[1]  ECF No. 92.  Defendants argue that, since plaintiff claims that defendants' denial of shoulder replacement surgery in April 2019 has caused him permanent disability and injury, a physical examination is necessary.

Federal Rule of Civil Procedure 35 permits a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R Civ. P. 35(a)(1).  The order may be made only on a motion for good cause.  Fed. R. Civ. P. 35(a)(2)(a).  "The decision whether to order a Rule 35 examination rests in the sound discretion of the trial court."  *Adele v. Dunn*, 2012 WL 5944705, at *2 (D. Nev. Nov. 26, 2012) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)).

Plaintiff is agreeable to a physical examination but objects to it being conducted by a doctor affiliated with defendants; he asks that an "independent doctor" conduct the exam.  ECF No. 97.  Plaintiff does not challenge the qualifications of Dr. Younger; he only protests that the doctor has been retained by the defense.  While a defendant is generally permitted to select its own examiner, a court may appoint a different examiner if a plaintiff raises a valid objection. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. Mar. 29, 1995).  Here, plaintiff has not submitted a sufficient evidentiary basis to show a valid objection to Dr. Younger.  *See id.* (finding that the plaintiff's claim that a potential examiner was hostile to the plaintiff and her counsel was not supported by sufficient evidence to show bias).  Defendants' motion to compel will be granted.

**2.  Defendants' Request to Modify the Scheduling Order**

Defendants move to modify the scheduling order on the ground that they need additional

---

[1] In support of their motion, defendants submit Dr. Younger's CV, which shows that he graduated from Chicago Medical School and completed his post-graduate training at the University of California, Davis's Surgery and Orthopedic Surgery departments.  *See* ECF No. 92-2 at 25-30.  Dr. Younger is a board-certified orthopedic surgeon who has been practicing since 1987.  *Id.*

time to conduct a physical examination of plaintiff.  ECF No. 106.  Good cause appearing, the deadline for completion of discovery and filing of motions to compel will be extended to August 1, 2023, and the deadline to file dispositive motions to November 1, 2023.

### 3.  Plaintiff's Requests for Production of Documents

In several filings from June and July 2022, plaintiff seeks the disciplinary histories of each defendant, requests "all notes and reports regarding [his] health care," including all "SMART-team" notes, and requests the medical notes from the two doctors who recommended surgery. *See* ECF Nos. 77, 80, & 81.  Plaintiff's requests will be denied because there is no showing that he complied with the Federal Rules of Civil Procedure and the Court's Local Rules, as required by the DSO, or that he even first requested such production from the defendants.

Plaintiff later filed similar requests for the production of these documents, ECF Nos. 101, 103, & 108, after having served discovery requests on defendants.  *See* ECF No. 94 at 3 (plaintiff served discovery requests on November 17, 2022).  However, plaintiff has again failed to comply with the requisite rules in that he has not identified his specific requests, he has not included defendants' specific responses thereto, and he has not stated that he met and conferred (or attempted to do so) with defense counsel before filing these motions.  These motions will also be denied.

For plaintiff's reference, a discovery motion must include the following: (1) "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," (2) a reproduction "in full [of] each interrogatory, request for production, or other matter in dispute, as well as the specific objection to each disputed discovery request," and (3) arguments and supporting authorities immediately following each objection.  *See* Fed. R. Civ. P. 37(a)(1); ECF No. 75 at 1-2.  Failure to comply with these requirements may result in the denial of the motion to compel.

### 4.  Plaintiff's Request for Video Depositions

Plaintiff requests leave to depose defendants via video.  *See* ECF Nos. 77, 80, & 81. Defendants oppose this request because plaintiff has not shown that he is able to retain and pay

for the services of a certified court reporter as required by Federal Rules of Civil Procedure 28 and 30.  ECF No. 79.

Federal Rule of Civil Procedure 30 directs a party seeking to depose an individual to provide the name and address of the proposed deponent and state the method for recording the testimony, with the noticing party bearing the recording cost.  Fed. R. Civ. P. 30(b)(1), (3)(a).  In addition, the deposition must be conducted before an officer appointed or designated under Rule 28.  Fed. R. Civ. P. 30(b)(5).

Plaintiff's request for video depositions of the defendants will be denied.  If plaintiff wishes to take depositions, he must support his motion with a showing that he is able to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed deponent, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost.

**5.  Plaintiff's Request for Addresses**

Plaintiff asks to be provided with the address to the "State, Federal Professional Licensing Board and the State, Federal Medical Board so I may contact them regarding this matter so that I may get information on all 12 defendants."  ECF Nos. 77 & 80.  I will grant this request as a one-time courtesy.  Plaintiff may seek public-record documents relating to administrative actions taken by the Medical Board of California against licensed and unlicensed individuals by submitting a letter to:

> Medical Board of California
> Attention: Central File Room
> 2005 Evergreen Street, Suite 1200
> Sacramento, CA 95815

**6.  Plaintiff's Request for Extension of Time**

Plaintiff seeks a sixty-day extension of time due to health issues.  ECF No. 84.  As there is no pending deadline and plaintiff does not explain why he needs this extension, the motion will be denied.

1

**7.  Plaintiff's Motion for Appointment of Counsel**

2          Plaintiff requests the appointment of counsel because he recently suffered a "small

3   stroke."  ECF No. 77.  Plaintiff does not have a constitutional right to appointed counsel in this

4   action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to

5   require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*,

6   490 U.S. 296, 298 (1989).  I may request the voluntary assistance of counsel.  *See* 28 U.S.C.

7   § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

8   counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will seek

9   volunteer counsel only in exceptional circumstances.  In determining whether such circumstances

10  exist, "the district court must evaluate both the likelihood of success on the merits [and] the

11  ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

12  involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

13         As with plaintiff's previous request, he has not shown that appointment is warranted.

14  Plaintiff's claim is not legally complex, and he appears able to articulate it without assistance.  In

15  addition, he fails to submit any evidence to support his claim that he suffered a "small stroke,"

16  and he does not explain how his medical condition has affected his ability to litigate this action.

17  In fact, the docket shows that plaintiff has filed multiple motions since his stroke.  His request for

18  the appointment of counsel will be denied at this time.

19         **8.  Plaintiff's Request for a Settlement Agreement**

20         Plaintiff asks the court for a "settlement agreement," which I construe as a request to set a

21  settlement conference.  ECF No. 95.  Under Local Rule 270(a), "[a] settlement conference shall

22  be held in all actions unless otherwise ordered by the Court on objection of a party or for other

23  good cause."  One year ago, defendants opted out of the court's early ADR program on the

24  grounds that

25

26              The majority of the defendants are medical professionals and, at this
                time, it does not appear that settlement would in the best interests of
27              Defendants, some of whom may have to report a settlement to a
                professional licensing board.  In addition, Defendants have strong

28

> or viable procedural and merits-based defenses that may or will
> likely result in dismissal of this case at summary judgment.

ECF No. 73.  As there is no indication that the defendants have changed their position with respect to a settlement conference, plaintiff's motion will be denied.

### 9. Plaintiff's Request to Set a Trial Date

Plaintiff asks the court to set a trial date.  ECF Nos. 81 & 87.  This request will be denied as premature considering that the dispositive motion deadline has not yet passed.

### 10. Defendants' Motions to Strike

Defendants move to strike multiple filings by plaintiff for either or both (a) a failure to comply with the Federal Rules of Civil Procedure and Local Rules, and (b) inclusion of "impertinent or scandalous matter" in violation of Federal Rule of Civil Procedure 12(f).[2]  ECF Nos. 79 & 105.

As to those filings that defendants claim fail to comply with the requisite rules, which includes plaintiff's discovery motions, the motions to strike will be denied as moot considering the rulings herein.

As to any filings that purportedly contain "impertinent or scandalous matter accusing Defendants and their counsel of misconduct without evidence," Rule 12(f) permits me to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, the Ninth Circuit observed that "[u]nder the express language of [Rule 12(f)], only pleadings are subject to motions to strike."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Dadon v. Stabile*, 2019 WL 3293065, at *4 (C.D. Cal. June 17, 2019) ("Rule 12(f) applies only to pleadings, and a motion is not a pleading . . . .  Thus, a motion may not be stricken under Rule 12(f).") (citing Fed. R. Civ. P. 7(a)); *Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*, 2017 WL 5714727, at *1 (D. Ariz. July 25, 2017) ("Under the express language of the rule, only pleadings

---

[2] One of the letters that defendants move to strike may be fairly construed as a motion for a protective order from defendants' discovery requests.  ECF No. 78.  A party may move for a protective order from discovery to prevent annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  Here, however, plaintiff again fails to identify the specific requests from which he seeks a protective order.  This motion must also be denied.

are subject to motions to strike.  A motion is not a pleading and therefore may not be the subject

of a motion to strike under Rule 12(f).").  Accordingly, the motions to strike will be denied.

        Accordingly, it is hereby ORDERED that:

        1.  Defendants' motion to compel plaintiff to submit to a physical examination, ECF No.

92, is granted.  Plaintiff shall submit to a physical examination of his left shoulder, arm, and hand

by Dr. Younger at such time as is convenient for the institution where plaintiff is housed and

under conditions in which medical services or examinations are typically provided in a prison

setting, including, if deemed necessary by prison officials, observation of the exam by

correctional officer(s).

        2.  Defendants' request to modify the scheduling order, ECF No. 106, is granted.  The

deadline for completion of discovery and filing of motions to compel is extended to August 1,

2023, and the deadline to file dispositive motions is extended to November 1, 2023.

        3.  Plaintiff's requests for production of documents, ECF Nos. 77, 80, 81, 101, 103, & 108,

are denied.

        4.  Plaintiff's requests for leave to depose defendants, ECF Nos. 77, 80, & 81, are denied.

        5.  Plaintiff's requests for addresses, ECF Nos. 77 & 80, are granted.

        6.  Plaintiff's motion for a protective order, ECF No. 78, is denied.

        7.  Plaintiff's motion for an extension of time, ECF No. 84, is denied.

        8.  Plaintiff's request for the appointment of counsel, ECF No. 77, is denied.

        9.  Plaintiff's motion to set a settlement conference, ECF No. 95, is denied.

        10. Plaintiff's requests for a trial date, ECF Nos. 81 & 87, are denied.

        11. Defendants' motions to strike, ECF No. 79 & 105, are denied.

IT IS SO ORDERED.

Dated:   June 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE