UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROBERT HODGE,<br><br>            Plaintiff,<br><br>    v.<br><br>TAYLOR, *et al.*,<br><br>            Defendants. | Case No. 2:19-cv-01956-DAD-JDP (PC)<br><br>**ORDER**<br><br>DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT<br><br>ECF No. 119<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 114<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff brings this case against defendants Leslie Taylor, Bearnard Stepke, Philip Tafoya, Jasdeep Bal, Felix Lgbinaso, Meet Boparai, Elizabeth Dos Santos-Chen, Michael Arca, Emmanuel Conanan, Mellonie Yang, Roscoe Barrow, and Terri Taylor, and alleges that all violated his Eighth Amendment right to adequate medical care by refusing to authorize surgery for his injured shoulder. Now pending is defendants' motion for summary judgment, ECF No. 114, to which plaintiff has filed an opposition, ECF No. 128, and defendants have filed a reply, ECF No. 129. After review of the pleadings, I recommend that defendants' motion be granted.

In keeping with this recommendation, I also order that defendants' motion to strike, ECF No. 119, which seeks to strike plaintiff's two-page summary of a medical report, be denied as moot.[1]

A. <u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of

---

[1] Out of an abundance of caution, I have considered that filing with the summary judgment pleadings, and find that it does not alter my determination.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

      The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

      B.    <u>Background</u>

      Plaintiff alleges that in 2017 he was shot in the shoulder during an altercation with another inmate.  ECF No. 23 at 3.  He claims that the injury deteriorated to the point that his medical providers recommended shoulder replacement surgery, and plaintiff alleges that defendants, all of whom are alleged to be part of the Statewide Medical Authorization Team ("SMART"), denied him authorization for that surgery in 2019 in favor of more conservative treatment. *Id.* at 3-4.  He

3

claims that denial violated his Eighth Amendment right to adequate medical care. *Id.*

C. <u>Analysis</u>

Defendants argue that, as an initial matter, only defendants Tafoya, Dos Santos-Chen, and Conanan participated in the SMART committee decision to deny plaintiff's shoulder surgery. As such, they contend that all other defendants—Boparai, Yang, Taylor, Bal, Barrow, Ignibosa, Arca, and Stepke—should be dismissed for want of participation in the alleged violation of plaintiff's rights. ECF No. 114-1 at 16. In his deposition, plaintiff acknowledged that he had no information indicating that any defendants other than Tafoya, Dos Santos-Chen, and Conanan participated in the relevant decision. ECF No. 114-4 at 16-17. And G. Song, a past chair of SMART, has provided a declaration indicating that the committee that reviewed plaintiff's request for shoulder surgery was comprised of herself, Tafoya, Dos Santos-Chen, Ralston, and Conanan.[2] ECF No. 114-5 at 4, ¶ 9. Meeting notes attached to the declaration support this claim. *Id.* at 32. For his part, plaintiff has not provided any contradictory evidence or argument that the other defendants were present or involved in the decision. And, absent some evidence of personal involvement in the unlawful conduct, a section 1983 claim against the non-participating defendants fails. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

And, as to the participatory defendants, I find that the record evidence establishes that they were not deliberately indifferent to plaintiff's medical needs. A successful deliberate indifference claim requires a showing that: (1) the claimant had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). In this context, deliberate indifference is more than negligence or medical malpractice; the required state of mind is one of subjective recklessness. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

Here, the participatory defendants on the SMART committee reasoned that deferring shoulder surgery in favor of less invasive treatments was medically appropriate. They noted that

---

[2] Neither Song nor Ralston are current defendants in this action, however.

1  shoulder replacement surgery in younger patients often didn't last a lifetime and that more
2  conservative treatments had not yet been exhausted.  ECF No. 114-5 at 4-5, 31.  Defendants have
3  also provided an affidavit from Edward Younger, a physician and orthopedic consultant, who
4  opines that, while plaintiff was a candidate for shoulder replacement surgery at the time of the
5  denial, it was appropriate to defer surgery and explore other options, like cortisone injections.
6  ECF No. 114-6 at 3, ¶ 6.  He also opines that, based on his education and experience, plaintiff's
7  outcome was not affected by the delay in the surgery from mid-2019 to August 2020, when it was
8  ultimately performed.  *Id.* at 3, ¶ 7.  Dr. Younger concludes that plaintiff's current issues are
9  attributable to a lack of exercise during the recovery from the surgery, as evidenced by his global
10 weakness in areas that would not have been affected by the surgery, like grip strength.  *Id.*

11      Plaintiff has failed to rebut this evidence with any of his own that would create a genuine
12 issue of material fact.  His opposition is largely comprised of recitations of law and, absent some
13 evidence contradicting the substantive opinion of Dr. Younger, plaintiff cannot defeat summary
14 judgment.  Crucially, it is insufficient that, as plaintiff state in his motion, other physicians may
15 have recommended immediate surgery.  Deliberate indifference is a high standard and does not
16 penalize a defendant for failing to make the "best" or objectively correct medical decision,
17 especially with the benefit of hindsight.  Indeed, even medical malpractice is insufficient to
18 establish such a violation.  *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
19 1980) ("Before it can be said that a prisoner's civil rights have been abridged, however, the
20 indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or
21 'medical malpractice' will not support this cause of action.").  Here, defendants' decision to defer
22 shoulder replacement surgery was not reckless; rather it was supported, as Dr. Younger attests, by
23 a defensible rationale.

24      Accordingly, I find that summary judgment in defendants' favor is warranted.

## Conclusion

26  Accordingly, it is ORDERED that defendants' motion to strike, ECF No. 119, is DENIED
27  as moot.

28      Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No.

114, be GRANTED and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE